UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

BOB AARON MIKELL,

Petitioner,

v.  6:09-cv-65

UNITED STATES OF AMERICA,

Respondent.

## ORDER

## I. INTRODUCTION

Before the Court is Petitioner Bob Aaron Mikell's ("Mikell") Motion for Reconsideration of his "motion for a non-successive § 2555 motion." ECF Nos. 75; 72. Mikell argues that (1) this Court failed to give Mikell notice of its recharacterization of his motion as a second or successive habeas petition as required by *Castro v. United States*, 540 U.S. 375 (2003); and (2) his motion was in fact a first habeas petition because the Supreme Court first recognized the right he asserted within the last year and after the filing of his first petition. *See* ECF No. 75; *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (finding second habeas petition non-successive for purposes of 28 U.S.C. § 2255(h) because predicate of petition arose after filing of first). For the following reasons, both of Mikell's arguments fail and his motion for reconsideration is *DENIED*.

## II. BACKGROUND

Mikell filed his first § 2255 motion on September 8, 2009. ECF No. 1. This Court ultimately denied the motion on substantive grounds. ECF No. 43. Since then, Mikell has filed two Federal Rule of Civil Procedure 60(b) motions, one of which this Court construed as a second or successive petition, both of which were denied by this Court and the Eleventh Circuit. *See* ECF Nos. 45; 47; 53; 62.

Earlier this year, Mikell moved the Eleventh Circuit for leave to file a second or successive habeas petition based on the same substantive grounds he asserts today before this Court. *Compare* ECF No. 70 at 2, *with* ECF No. 75. The circuit court denied Mikell's motion, holding that "*Frye*[1] and *Lafler*[2] are not new rules of constitutional law sufficient to support a second or successive § 2255 motion." ECF No. 70 at 2. Most recently, Mikell filed a "Motion for Non-Successive § 2255 Motion" in this Court asserting the same *Lafler* and *Frye* argument rejected by the Eleventh Circuit. ECF No. 72. He now asks for reconsideration of denial of that motion.

## III. ANALYSIS

This Order first addresses Mikell's argument that he should have been given notice that his previous motion would be recharacterized as a second or successive petition. It then addresses Mikell's contention that his motion should be considered a first petition.

### A. Notice of Recharacterization

*Castro* requires that a district court give a *pro se* litigant notice "that it intends to recharacterize" a filing. 540 U.S. at 383. But that notice requirement only applies "when a court recharacterizes a *pro se* litigant's

---

[1] *Missouri v. Frye*, 132 S. Ct. 1399 (2012).
[2] *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

motion as a *first* § 2255 motion." *Id.* (emphasis added).

Quite simply, *Castro* does not apply here. This Court has never recharacterized a motion by Mikell as a *first* habeas petition. *See Id.* Mikell filed his first habeas petition in 2009. *See* ECF No. 1. Motions since recharacterized could not have been "firsts," and *Castro* therefore did not require this Court to give Mikell notice when it recharacterized his "motion for a non-successive § 2255 motion" as a second or successive petition.

### B. Mikell's First Petition Argument

Mikell claims that, but for a typo, his previous motion should have read "motion for a non-successive § 2255(f) motion." ECF No. 75 at 2, 4. Because of that typo, he claims the Court incorrectly considered his "non-successive motion" under § 2255(h), the provision governing second or successive petitions. *Id.* Mikell argues that under 28 U.S.C. § 2255(f) his petition should be considered a first petition because the Supreme Court decided *Lafler* and *Frye*, and Mikell filed his petition, within § 2255(f)'s one year limit. *Id.*

Mikell mistakes the function of § 2255(f). Section 2255(f) sets forth a one year statute of limitations for motions attacking a federal sentence. The one year period runs from the latest of four dates, including "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). But that one year limit is only relevant if the petition first clears the hurdle of § 2255(h), or falls into that "small subset of unavailable claims that could not reasonably be categorized as 'successive.'" *Stewart*, 646 F.3d at 861.

Mikell's petition neither falls into that small subset nor clears § 2255(h)'s hurdle. Unlike the purported defect in *Stewart*, which arose after the conclusion of the first habeas petition there, Mikell's alleged defect—ineffective assistance of counsel that purportedly vitiates a state conviction[3] used to enhance his federal sentence—existed "at the time of the prior petition" and is thus subject to the strictures of § 2255(h). *Id.* (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)).

Section 2255(h)(2)[4] requires second or successive petitions be certified as containing "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Mikell's petition relies on the alleged new rules the Supreme Court set forth in *Lafler* and *Frye*. *See* ECF Nos. 75; 72. But as the Eleventh Circuit noted when it denied Mikell's first application for a second or successive habeas petition, "*Frye* and *Lafler* are not new rules of constitutional law sufficient to support a second or successive § 2255 motion." ECF No. 70 at 2 (citing *In re Perez*, 682 F.3d 920, 932-33 (11th Cir. 2012)).

### IV. CONCLUSION

---

[3] Quite notably, Mikell alleges the invalidity of his state conviction, whereas in Stewart the petitioner had already obtained vacatur of his state conviction by the time he came calling for federal habeas relief. *See Stewart*, 646 F.3d at 858.

[4] Section 2255(h)(1) covers second petitions where the alleged defect involves newly discovered evidence. Mikell's petition does not involve such evidence.

2

The Court did not need to give Mikell notice of its recharacterization of his previous petition. Nor was that petition a first petition under any subsection of 28 U.S.C. § 2255, much less § 2255(f).

The Court therefore *DENIES* Mikell's motion for reconsideration.

This //  day of December 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA