# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

BOB AARON MIKELL,

Petitioner,

v.     6:09-cv-65

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is Bob Aaron Mikell's ("Mikell") Notice of Appeal, *see* ECF No. 77, which the Court construes as a motion for certificate of appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Mikell seeks to appeal the dismissal of his "Motion for a Non-Successive § 2255 Motion," ECF Nos. 72; 74, and denial of his motion for reconsideration. ECF Nos. 75; 76. Mikell's appeal, however, raises no COA-worthy issues. His motion is *DENIED*.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA ...." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Mikell's first habeas petition was denied in 2009. *See* ECF No. 1. That denial placed Mikell on notice that he likely would need to have the Eleventh Circuit certify any future petition as prescribed by 28 U.S.C. § 2255(h). *See Castro v. United States*, 540 U.S. 375, 382-83 (2003). His recent motion, construed as a second or successive habeas petition, could not escape § 2255(h) because the predicate of the motion—ineffective assistance of counsel—arose prior to the filing of his first. *See Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011) (finding second habeas petition non-successive under § 2255(h) because the petition's predicate arose after the first petition's adjudication). So when Mikell came calling again, without certification of his petition by the Eleventh Circuit, this Court was obliged to dismiss his petition. *United States v. Terrell*, 141 Fed. App'x 849, 852 (11th Cir. 2005). The Court denied Mikell's motion for reconsideration for similar reasons. *See* ECF No. 76.

No reasonable jurist would decide differently. *See Slack*, 529 U.S. at 484. Mikell filed one habeas petition. He then sought to file another. That numerically second petition did not qualify as a legally non-successive petition. Nor did Mikell have the second petition certified. None of those points is legally or factually debatable. And therefore no COA should issue.

Mikell's implied request for a COA is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Order and a copy of the docket sheet page reflecting entry of the same to the Clerk of Court for the Eleventh Circuit for inclusion with Appeal Number 12-16523-A.

This 7 day of January, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA