UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | 6:06-cr-26-1 |
| JULIUS PINKSTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## ORDER

Before the Court is Julius Pinkston's "Motion For Court To Take Judicial Notice of Being Denied Access to Court , and Motion For Enlargement of Time To File Collaterally Attacking His Sentence Pursuant To 28 U.S.C. § 2255." ECF No. 1442. Pinkston alleges that his counsel failed to make him aware of the Eleventh Circuit's dismissal of his appeal on January 25, 2013 until July 12, 2013. *Id.* at 1. He consequently asks for an enlargement of time to file his first § 2255 petition until July 12, 2014—one year from the date his attorney made him aware of the dismissal of his direct appeal. *Id.* at 3. At bottom, Pinkston seeks equitable tolling of § 2255(f)'s one year statute of limitations before he has ever filed a habeas petition and before the statute of limitations period has run.

Equitable tolling of § 2255(f) is available if a petitioner can show that (1) he has diligently pursued his rights; and (2) some extraordinary circumstance stood in the way of timely filing. *See Holland v. Florida*, --- U.S. --- 130 S. Ct. 2549, 2562 (2010). Whether Pinkston's attorney's alleged conduct constitutes an extraordinary circumstance is a matter of debate. What is not questionable is that Pinkston seeks to toll a statute of limitations that has upwards of six months on its clock remaining before he has ever filed a habeas petition, before he has pursued

his rights, much less diligently done so. His current motion therefore is premature. In the future, should the delay in finding out about the dismissal of his appeal prejudice Pinkston's ability to timely file a habeas petition despite the exercise of due diligence, he may at that time renew his efforts to have the statute of limitations equitably tolled. But for now, Pinkston's motion is untimely and accordingly is *DENIED*.

The 29 day of July, 2013

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA